**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

PHILIP SIEFKE,
individually and on behalf of all
others similarly situated,

*Plaintiff*,

v.

TOYOTA MOTOR NORTH AMERICA, INC., PROGRESSIVE CASUALTY INSURANCE COMPANY, and CONNECTED ANALYTIC SERVICES,

*Defendants*.

Case No. 4:25-cv-00406-ALM

**TOYOTA MOTOR NORTH AMERICA, INC.'S OPPOSITION TO PLAINTIFF'S CORRECTED MOTION FOR LIMITED JURISDICTIONAL DISCOVERY**

# TABLE OF CONTENTS

**Page(s)**

I. Introduction ... 1

II. Background ... 2

III. Legal Standard ... 3

IV. Argument and citation to authority ... 4

A. Plaintiff Has Not Disputed the Existence of an Enforceable Arbitration Agreement ... 5

B. Plaintiff's Legal Arguments and Speculation Do Not Justify Discovery ... 9

C. The Categories of Information Plaintiff Seeks Illustrate That This is an Impermissible Fishing Expedition ... 12

V. Conclusion ... 13

## TABLE OF AUTHORITIES


**Page(s)**

**CASES**

*Ameriprise Fin. Servs., Inc. v. Etheredge*,
277 F. App'x 447 (5th Cir. 2008) ....................6

*AT&T Mobility Servs. LLC v. Payne*,
No. 3:17-CV-00649-CRS, 2018 WL 476163 (W.D. Ky. Jan. 18, 2018)....................5

*Baldwin v. Beeche*,
No. 4:20-CV-639, 2021 WL 1377149 (E.D. Tex. Apr. 12, 2021) (Mazzant, J.)....................5

*Bell v. Koch Foods of Miss., LLC*,
358 F. App'x 498 (5th Cir. 2009) ....................1, 3, 7

*Berman v. Freedom Financial Network, LLC*,
30 F.4th 849 (9th Cir. 2022) ....................10

*Boykin v. Fam. Dollar Stores of Mich., LLC*,
3 F.4th 832 (6th Cir. 2021) ....................7

*Chlarson v. EK Real Estate Servs. of N.Y., LLC*,
No. 5-21-CV-01046-XR, 2022 WL 2392648 (W.D. Tex. July 1, 2022)....................11

*Crosby v. Compass Grp. USA, Inc.*,
No. 4:24-CV-777, 2025 WL 1840602 (E.D. Tex. July 3, 2025) (Mazzant, J.) ....................4, 6

*Dobbs v. Health IQ Ins. Servs.*,
No. 21-5276, 2022 WL 2974713 (E.D. Pa. July 27, 2022) ....................12

*Edwards v. DoorDash, Inc.*,
888 F.3d 738 (5th Cir. 2018) ....................11

*Fania v. KIN Ins., Inc.*,
No. 2:22-12354, 2023 WL 3587753 (E.D. Mich. May 22, 2023) ....................8

*Gill v. Chipotle Mexican Grill, Inc.*,
No. 8:24-CV-01672-FWS-JDE, 2025 WL 287320 (C.D. Cal. Jan. 23, 2025) ....................10

*Hudson v. Windows USA, LLC*,
No. 3:16CV596-DPJ-FKB, 2016 WL 8135875 (S.D. Miss. Nov. 3, 2016) ....................4, 5

*In re: Online Travel Co.*,
No. 3:12-CV-3515-B, 2013 WL 12123302 (N.D. Tex. Apr. 24, 2013) ....................3, 7

*In re Palm Harbor Homes, Inc.*,
195 S.W.3d 672 (Tex. 2006) (orig. proceeding) ........................................................... 11

*In re ReadyOne Indus., Inc.*,
400 S.W.3d 164 (Tex. App. 2013) ........................................................................................ 8

*Kubala v. Supreme Prod. Servs., Inc.*,
830 F.3d 199 (5th Cir. 2016) ................................................................................................. 3

*Loewen v. Lyft, Inc.*,
2015 WL 12780465 (N.D. Cal. June 12, 2015) ........................................................... 7, 11

*Maravilla v. Gruma Corp.*,
783 F. App'x 392 (5th Cir. 2019) ........................................................................................ 11

*Margulis v. HomeAdvisor, Inc.*,
No. 4:19-CV-00226-SRC, 2020 WL 512402 (E.D. Mo. Jan. 31, 2020) ................................. 8

*Martin v. Wells Fargo Bank NA*,
No. C 12-06030 SI, 2013 WL 4077561 (N.D. Cal. May 17, 2013) ........................................ 8

*McKimmy v. OpenSea*,
No. 4:22-CV-00545, 2023 WL 6370907 (S.D. Tex. Mar. 22, 2023) ...................................... 10

*Meyer v. T-Mobile USA Inc.*,
836 F. Supp. 2d 994 (N.D. Cal. 2011) .................................................................................. 6

*Morton v. Alleviate Tax, LLC*,
No. 3:24-CV-02263-N, 2025 WL 1174732 (N.D. Tex. Mar. 17, 2025) .................................. 8

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983) .................................................................................................................. 3

*Northport Health Servs. of Arkansas, LLC v. Cmty. First Tr. Co.*,
No. 2:12-CV-02284, 2013 WL 4048202 (W.D. Ark. Aug. 9, 2013) ...................................... 12

*Orellana v. Roblox Corp.*,
769 F. Supp. 3d 1273 (M.D. Fla. 2025) .............................................................................. 12

*Phillips v. Bestway Rental, Inc.*,
No. 4:12CV48, 2013 WL 832306 (N.D. Miss. Mar. 6, 2013), *aff'd,* 542 F. App'x 410
(5th Cir. 2013) (per curiam) ................................................................................................ 11

*Phillips v. Neutron Holdings, Inc.*,
No. 3:18-CV-3382-S, 2019 WL 4861435 (N.D. Tex. Oct. 2, 2019) ....................................... 9

*Ramirez v. Trusper, Inc.*,
No. 5:24-CV-02012-EJD, 2024 WL 3304802 (N.D. Cal. July 3, 2024) ................................. 8

*Sharpe v. AmeriPlan Corp.*,
769 F.3d 909 (5th Cir. 2014) ....................11

*Snap-on Tools Corp. v. Mason*,
18 F.3d 1261 (5th Cir. 1994) ....................3

*Tello v. Porsche Fin. Servs., Inc.*,
No. 1:23-CV-01206-RP, 2024 WL 5456734 (W.D. Tex. June 20, 2024) ....................7

*Toth v. Everly Well, Inc.*,
118 F.4th 403 (1st Cir. 2024) ....................12

# I. INTRODUCTION

In its Motion to Compel Arbitration ("Motion to Compel"), Toyota Motor North America, Inc. ("Toyota") demonstrated that Plaintiff Siefke is bound by a mandatory arbitration agreement and for that reason, cannot pursue litigation against Toyota in this Court. Plaintiff accepted Toyota's Connected Services Terms of Use via the Toyota Mobile App ("Toyota App"). The Terms of Use contained a clear and conspicuous arbitration provision and class action waiver. It is well-established under Texas law that Plaintiff's assent through an affirmative 'click' and conduct is sufficient to bind him to the Terms of Use, including his agreement to arbitrate the dispute at issue in this litigation. *See generally* ECF 31.

Plaintiff now seeks arbitration-related discovery, but tellingly, he does ***not*** dispute that he agreed to arbitrate his claims. Plaintiff does not challenge that fact. Significantly, Plaintiff does not dispute ***any*** of Toyota's evidence that forms the basis of its Motion, including Toyota's records that Plaintiff accepted the Terms of Use when he enrolled in connected services via the Toyota App, which plainly informed him that in doing so he was accepting the Terms of Use. *Id.* In an effort to avoid the arbitration provision that he uncontrovertibly agreed to (multiple times), Plaintiff now seeks to embark on a broad discovery fishing expedition. But Fifth Circuit courts are clear that discovery in the context of a motion to compel arbitration is ***the exception***, not the rule, and Plaintiff comes nowhere close to establishing the compelling need for such discovery that the Fifth Circuit requires. Indeed, Plaintiff's arguments for discovery are legal arguments aimed to defeat the mandatory arbitration provision with class action waiver that require no additional discovery and have been soundly rejected by other Fifth Circuit courts. In these circumstances any discovery "would defeat the FAA's requirement of summary and speedy disposition of motions and petitions to enforce arbitration clauses." *Bell v. Koch Foods of Miss., LLC*, 358 F. App'x 498, 501 (5th Cir. 2009).

## II. BACKGROUND

Toyota filed its Motion to Compel on July 8, 2025, in which it demonstrated that Plaintiff agreed to submit his claims against Toyota to binding arbitration and delegated any arbitrability issues to the arbitrator. ECF 31. Before doing so, Toyota's counsel met and conferred with Plaintiff's counsel to resolve this issue without the Court's intervention. *Id.* at 27.[1] A few days before Toyota's deadline to file its previewed Motion to Compel, Plaintiff's counsel sent the letter attached as Exhibit A to Plaintiff's Discovery Motion, requesting documents from Toyota and a 30(b)(6) deposition.[2] ECF 38-1. Toyota's counsel responded with the letter attached as Exhibit B to Plaintiff's Discovery Motion, explaining that arbitration-related discovery is not warranted. ECF 38-2. Toyota proceeded to file its Motion to Compel, which included most of the documents Plaintiff sought, and most importantly, Toyota's Motion included all the documents relevant to its arguments in support of arbitration.[3] ECF 31.

Faced with Toyota's undeniable evidence that Plaintiff entered a valid arbitration agreement, *e.g., id.* at 2–10, Plaintiff now pivots to seeking a host of irrelevant documents through his Motion for Limited Jurisdictional Discovery ("Discovery Motion") to try and drum up confusion and avoid the inevitable enforcement of the agreement he entered on multiple occasions.

---

[1] Toyota cites to the CM/ECF-generated page numbers of filed documents.

[2] Contrary to Plaintiff's counsel's assertion that they have "attempted on several occasions to obtain this discovery informally," ECF 38 at 3, this was their only actual attempt. In response, Toyota's counsel offered to meet and confer on the issue at Plaintiff's counsel's proposed time. ECF 38-2. Plaintiff's counsel did not respond to this offer until the day Plaintiff intended to file the Discovery Motion.

[3] For example, Toyota provided "[t]he sequence of screens presented to Plaintiff . . . in connection with the activation of any connected services," "notices [provided to Plaintiff] that clearly describe . . . how driving data may be collected, used and/or shared," "[d]ocuments describing the relationship between" various Toyota entities, and "versions of any other agreements containing arbitration clauses which Toyota contends bind the Plaintiff." ECF 38-1 at 1–2; *see generally* ECF 31-1 through 31–10.

Indeed, on August 22, 2025 (a day after the stipulated deadline, ECF 36), Plaintiff filed his Response in Opposition to Defendants' Motion to Compel Arbitration, opting to defer entirely to his Discovery Motion instead of substantively responding to Toyota's Motion to Compel. ECF 40. Toyota will file its reply brief in support of its Motion to Compel by September 11, 2025, ECF 36, at which point the only relevant issue—whether Plaintiff agreed to arbitrate his claims—will be fully ripe for the Court's consideration. *See* ECF 36. At this point, Plaintiff has wholly failed to produce *any* evidence that calls into dispute Toyota's Motion to Compel.

## III. LEGAL STANDARD

At the outset, Plaintiff glosses over the applicable standard for arbitration-related discovery requests and wrongly suggests that such discovery is a forgone conclusion. ECF 38 at 4–7. Arbitration-related discovery is the exception, not the rule. The Fifth Circuit has logically noted that allowing discovery anytime a party is "trying to . . . defeat arbitration . . .would defeat the FAA's requirement of summary and speedy disposition of motions and petitions to enforce arbitration clauses." *Bell,* 358 F. App'x at 501; *accord In re: Online Travel Co.*, No. 3:12-CV-3515-B, 2013 WL 12123302, at *3 (N.D. Tex. Apr. 24, 2013) (recognizing that the Fifth Circuit has rejected the argument that a party opposing arbitration is automatically entitled to discovery).

Plaintiffs are correct that the Court must determine "whether the parties entered into any arbitration agreement at all." *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016) (emphasis omitted). But this analysis should be made expeditiously "with only restricted inquiry into factual issues bearing on the making of the arbitration agreement." *Snap-on Tools Corp. v. Mason*, 18 F.3d 1261, 1265 n.4 (5th Cir. 1994) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22, (1983)). Accordingly, as this Court recently recognized, "courts have generally denied arbitration-related discovery absent a compelling showing that such

discovery is required." *Crosby v. Compass Grp. USA, Inc.,* No. 4:24-CV-777, 2025 WL 1840602, at *5 (E.D. Tex. July 3, 2025) (Mazzant, J.) (quoting *Hudson v. Windows USA, LLC*, No. 3:16CV596-DPJ-FKB, 2016 WL 8135875 (S.D. Miss. Nov. 3, 2016)).[4]

## IV. ARGUMENT AND CITATION TO AUTHORITY

Plaintiff argues he needs discovery to show that Toyota's evidence is insufficient to establish that Plaintiff entered a binding arbitration agreement. ECF 38 at 4. The Court should deny Plaintiff's Discovery Motion because Plaintiff has failed to meet his burden of establishing that he has a compelling need for the discovery he seeks as required by the Fifth Circuit. **First**, Plaintiff seeks discovery into contract formation but does not dispute any of the evidence Toyota submitted establishing that he formed an agreement to arbitrate, including that he consented to the Terms of Use containing a binding arbitration clause and class action waiver via the Toyota App and by driving his vehicle. Plaintiff's fundamental failure to refute Toyota's evidence or even disclaim his arbitration agreement renders Plaintiff's guess work about what further discovery could uncover irrelevant, particularly when the discovery sought is within Plaintiff's personal knowledge and therefore not discoverable from Toyota. **Second**, Plaintiff's purported bases for discovery regarding notice, consent, unconscionability and consideration are legal arguments, not fact issues, that have either been delegated to the arbitrator in the first instance or rejected by courts based on evidence materially identical to the evidence Toyota already submitted in support of its Motion to Compel. These legal arguments do not create a scenario where Plaintiff is entitled to

---

[4] In *Crosby,* this Court ultimately found a compelling need for discovery only because the Plaintiff "raised a genuine issue of material fact as to whether she signed the Agreement" by submitting a declaration that her signature on the arbitration agreement was ***forged*** by a specific individual. 2025 WL 1840602, at *5. By contrast, Plaintiff has not submitted any declaration at all, much less a declaration that genuinely puts the existence of an agreement into question here. In fact, as set forth below, Plaintiff's Discovery Motion says nothing that disputes in any way Toyota's evidence that he agreed to arbitrate in the manner set forth in Toyota's Motion to Compel.

discovery because Plaintiff could have made these same, already formed, arguments in his opposition to Toyota's Motion to Compel (though courts have already soundly rejected them). *See* ECF 40. **Finally**, Plaintiff's specific discovery requests illustrate that his Discovery Motion exceeds the permissible scope of discovery and amounts to a fishing expedition that runs afoul of the FAA.

### A. Plaintiff Has Not Disputed the Existence of an Enforceable Arbitration Agreement

Plaintiff has failed to meet his burden of showing that he needs discovery on contract formation. This is because, foundationally, ***Plaintiff has not disputed that he formed an agreement to arbitrate with Toyota,*** which is a threshold requirement for any discovery. *See, e.g., Baldwin v. Beeche*, No. 4:20-CV-639, 2021 WL 1377149, at *5 (E.D. Tex. Apr. 12, 2021) (Mazzant, J.) (rejecting request for discovery on formation of arbitration agreement where the plaintiff did not dispute entering the arbitration agreement in part because discovery "would not help the court decide the motion to compel arbitration" (citing *In re: Online Travel Co.*, 2013 WL 12123302, at *5)).[5] Plaintiff raises a flurry of speculative issues with Toyota's evidence, but he does not deny: (i) that he downloaded and used the Toyota App, [6] (ii) went through the consent flow and saw the screens notifying him of and hyperlinking the Terms of Use,[7] (iii) that those

[5] *See also AT&T Mobility Servs. LLC v. Payne*, No. 3:17-CV-00649-CRS, 2018 WL 476163, at *1 (W.D. Ky. Jan. 18, 2018) (denying motion for leave to conduct arbitration-related discovery because the plaintiff did not show that "she cannot present facts essential to opposing AT&T's motion to compel"); *Hudson*, 2016 WL 8135875, at *3 (denying discovery because "Plaintiffs have not explained how any of the discovery they seek would aid the Court in assessing whether they agreed to arbitrate disputes with Defendants").

[6] Indeed, Plaintiff attempts to create an issue surrounding whether he was somehow encouraged to download the Toyota App. ECF 38 at 1, 3–4. But Plaintiff does not dispute that he downloaded the Toyota App and repeatedly engaged with the Toyota App over multiple years, including repeatedly accepting the Terms of Use. *See* ECF 31 at 6–8, 12, 18–20, 22, 24.

[7] On this issue, Plaintiff criticizes Toyota's evidence as incomplete because the included flow screenshots are "undated." ECF 38 at 8. But that is a red herring. In the paragraph preceding

Terms of Use contained a clear and conspicuous arbitration agreement and notified Plaintiff that he could accept the terms via the Toyota App as well as by using Connected Services and driving his vehicle, (iv) that he pressed "Accept" on the "Connected Services Master Data Consent" screen, or (v) that he used Connected Services—and drove his vehicle[8]—thereby agreeing to the Terms of Use. *See generally* ECF 31 (evidencing same).

The entire Discovery Motion is ***silent*** as to Plaintiff's actual experience. Instead, the Discovery Motion focuses on the putative class generally or "Plaintiffs" generally, which is improper. *Meyer v. T-Mobile USA Inc.*, 836 F. Supp. 2d 994, 1007 (N.D. Cal. 2011) (rejecting as overbroad requests for discovery which did "not relate to the validity of *Plaintiff's* arbitration agreement with T–Mobile," and instead "concern[ed] all agreements, disputes, arbitrations and lawsuits relating to T–Mobile customers in California *other than Plaintiff*"). At this time, Toyota has only moved to compel named Plaintiff Siefke to arbitrate his claims, based on the evidence submitted regarding named Plaintiff Siefke's personal agreement to do so. Named Plaintiff Siefke has therefore failed to show a compelling need for discovery by evidencing "a genuine issue of material fact as to whether []he signed the Agreement." *Crosby,* 2025 WL 1840602, at *5.

Indeed, courts in this Circuit and across the country routinely find there is no compelling showing that discovery is required where, as here, the requesting party fails to unequivocally deny assenting to the arbitration agreement. *See Ameriprise Fin. Servs., Inc. v. Etheredge*, 277 F. App'x 447, 448 (5th Cir. 2008) (affirming denial of request for arbitration-related discovery to "obtain information relating to the circumstances involved in the production of said arbitration clause, and

---

each screenshot, the Edwards Declaration explains that it represents the screen Plaintiff would have seen in March 2021. ECF 31-1 ¶¶ 10–15.

[8] Plaintiff's Complaint itself alleges Plaintiff drove his vehicle. ECF 1 ¶ 109 (alleging Defendant tracks Plaintiff as he "drive[s] to work, visit[s] family, or simply go[es] about [his] days").

ascertain other documentation and information relating to the arbitration clause in question" where plaintiff "never denied" signing the agreement); *Tello v. Porsche Fin. Servs., Inc.*, No. 1:23-CV-01206-RP, 2024 WL 5456734, at *4 (W.D. Tex. June 20, 2024) (rejecting request for discovery to challenge the formation of arbitration agreement because the plaintiff "does not contest any of the key facts establishing his agreement to arbitrate"); *In re: Online Travel Co.*, 2013 WL 12123302, at *3 (denying discovery because "Plaintiffs have not provided any reason to doubt that they agreed to the terms of the User Agreement" containing the arbitration provision); *see also Loewen v. Lyft, Inc*., 2015 WL 12780465, at *15 (N.D. Cal. June 12, 2015) ("Here, Plaintiffs have not unequivocally denied their assent to the [agreements]. Therefore they are not entitled to discovery into the making of the arbitration agreements to the extent that they seek any such information.").

Put another way, no discovery is warranted into Toyota's evidence because Plaintiff has not used his personal knowledge to dispute it in the first instance. The bulk of Plaintiff's motion argues that he needs discovery from Toyota regarding whether ***he*** consented to the Terms of Use (e.g. "when and how Plaintiff entered into the Terms of Use, and how those terms were presented through the Toyota App"). ECF 38 at 4 ("topics" 1, 3, 5); *id.* at 7–10, 12–13. But no discovery from Toyota is available to Plaintiff on those issues because whether Plaintiff consented to the Terms of Use is entirely within his own personal knowledge. *See, e.g., Bell*, 358 F. App'x at 501 (affirming denial of request for arbitration-related discovery because "the requested information was . . . already within the personal knowledge of the [plaintiffs]" and therefore "would not have helped [them] to satisfy their burden of proof"); *In re: Online Travel Co.*, 2013 WL 12123302, at *5 (prohibiting discovery into issues "within [plaintiffs'] personal knowledge").

Plaintiff's inability to unequivocally dispute that he assented to the arbitration agreement distinguishes this case from the cases he cites. *Boykin v. Fam. Dollar Stores of Mich., LLC,* 3

F.4th 832, 841 (6th Cir. 2021) (Plaintiff unequivocally denied assenting to agreement); *Morton v. Alleviate Tax, LLC*, No. 3:24-CV-02263-N, 2025 WL 1174732, at *1 (N.D. Tex. Mar. 17, 2025) (plaintiff disputed the defendant's evidence suggesting plaintiff agreed to arbitrate by visiting website by submitting affidavit declaring that she had never visited defendant's website and was out of state during relevant time period); *Margulis v. HomeAdvisor, Inc.*, No. 4:19-CV-00226-SRC, 2020 WL 512402, at *1 (E.D. Mo. Jan. 31, 2020) (plaintiff made similar unequivocal denials); *Fania v. KIN Ins., Inc.*, No. 2:22-12354, 2023 WL 3587753, at *2 (E.D. Mich. May 22, 2023) (same); *Martin v. Wells Fargo Bank NA,* No. C 12-06030 SI, 2013 WL 4077561, at *1 (N.D. Cal. May 17, 2013) (same).

Indeed, Plaintiff's position is more analogous to the cases Plaintiff (perplexingly) cites where discovery was denied: *In re ReadyOne Indus., Inc.*, 400 S.W.3d 164, 168 (Tex. App. 2013) and *Ramirez v. Trusper, Inc.*, No. 5:24-CV-02012-EJD, 2024 WL 3304802, at *3 (N.D. Cal. July 3, 2024). ECF 38 at 6. In *In re ReadyOne*, the Texas Court of Appeals held that the lower court abused its discretion in allowing limited pre-arbitration discovery because the plaintiff "failed to establish or provide a colorable basis or reason to believe that discovery would be material in establishing that the arbitration agreement was invalid and unenforceable because he was fraudulently induced to sign [it]." 400 S.W.3d at 169. Here, Plaintiff has not even asserted a fact-based formation defense like fraudulent inducement, much less established a colorable basis for discovery on that defense. *See* Section IV.B., below. And as to *Ramirez*, Plaintiff incorrectly states that the court allowed discovery. To the contrary, the Court denied discovery for reasons applicable here: the Plaintiff merely presented arguments "regarding weaknesses in the [defendant's] evidence" which, the Court correctly found, "do not show why discovery is needed." 2024 WL 3304802, at *3.

Accordingly, Plaintiff has not met the threshold requirement for this Court to consider permitting arbitration-related discovery of any kind and his Discovery Motion should be summarily denied.

**B. Plaintiff's Legal Arguments and Speculation Do Not Justify Discovery**

Rather than seriously dispute Toyota's evidence, Plaintiff seeks discovery relating to legal issues, namely (i) whether the Toyota Mobile Application flow put users generally on inquiry notice of the arbitration agreement[9]; (ii) whether the arbitration clauses in the Terms of Use were unconscionable; and (iii) whether there was consideration for the agreement. ECF 38 at 9–14; *see also id.* at 4 ("topics" 2 and 4). At the outset, Plaintiff does not cite a single case to support his position that he can obtain pre-arbitration discovery from Toyota on these legal issues. And he cannot: each of these are (meritless) legal arguments that can be determined based on the pleadings and the evidence submitted by Toyota with its Motion to Compel.

**Inquiry Notice.** As to whether Plaintiff received inquiry notice of the arbitration agreement, that legal issue is addressed at length in Toyota's Motion to Compel and could have similarly been addressed by Plaintiff in response to same.[10] *Compare* ECF 31 at 19–22 *with* ECF 40 (not addressing same). In short, as Toyota demonstrated in its Motion to Compel, courts have repeatedly found adequate notice based on screenshots like those submitted by Toyota with its Motion to Compel. *E.g. Phillips v. Neutron Holdings, Inc.*, No. 3:18-CV-3382-S, 2019 WL

[9] In Section B of the Discovery Motion Plaintiff cites to several cases concerning adequate notice in purported support of his consent argument. ECF 38 at 10. For clarity, Toyota discusses those along with the cases cited in Section C of the Discovery Motion. *Id.* at 10–12.

[10] Plaintiff implicitly concedes this is a legal argument, not a factual issue of contract formation, by beginning its argument with "***Plaintiffs' counsel are of the view***, on the basis of their own research and publicly available information that [given the evidence Toyota submitted], a reasonable purchaser of a Toyota vehicle would not have been in inquiry notice of the Arbitration Agreement." ECF 38 at 10–11 (emphasis added).

4861435, at *4 (N.D. Tex. Oct. 2, 2019) (finding reasonably conspicuous notice where the "sign-up screen is visible on one page, [] the hyperlinks are in close proximity to the two sign-up buttons," the "notice is legible, and the hyperlinked words 'User Agreement & Terms of Service' are in dark, bold font, making them stand out from both the white screen and surrounding gray text." (citations omitted)). Plaintiff cites a few cases from the Ninth Circuit finding inadequate notice (on different facts), but ***importantly for this Discovery Motion***, none of those cases allowed pre-arbitration discovery based on the issue.[11] ECF 38 at 10–12. In fact, in *Ghazizadeh v. Coursera, Inc.*, the court denied the plaintiff's similar discovery request because it "would provide no new information useful to the Court in analyzing formation." 737 F. Supp. 3d 911, 937 (N.D. Cal. 2024). Instead, like the cases cited by Toyota, those courts analyzed notice based on the evidence presented by the party moving to compel arbitration. *Compare, e.g., Gill v. Chipotle Mexican Grill, Inc.*, No. 8:24-CV-01672-FWS-JDE, 2025 WL 287320, at *4 (C.D. Cal. Jan. 23, 2025) (looking to website and app screenshots submitted by movant with supporting declaration to determine, unlike here, the hyperlinks were not in "adequately contrasting font") *with McKimmy v. OpenSea,* No. 4:22-CV-00545, 2023 WL 6370907, at *2 (S.D. Tex. Mar. 22, 2023) (same but finding hyperlinks in screenshot sufficiently contrasted). The Court can consider this legal

[11] In *Berman v. Freedom Financial Network, LLC*, 30 F.4th 849, 859 (9th Cir. 2022), the defendant took pre-arbitration depositions of the plaintiffs, but whether defendant's pre-arbitration discovery was permissible (or even contested) was not at issue or discussed in the opinion. To the contrary, the district court declined to consider the deposition testimony in its opinion, which the Ninth Circuit upheld. *Id.*

argument, which has no need for pre-arbitration discovery, in the context of Toyota's Motion to Compel.

**Unconscionability.** The Terms of Uses' delegation clause delegates the issue of unconscionability to the arbitrator in the first instance.[12] *See, e.g., Edwards v. DoorDash, Inc.*, 888 F.3d 738, 746 (5th Cir. 2018); *Maravilla v. Gruma Corp.*, 783 F. App'x 392, 397 (5th Cir. 2019); C*hlarson v. EK Real Estate Servs. of N.Y., LLC*, No. 5-21-CV-01046-XR, 2022 WL 2392648, at *8 (W.D. Tex. July 1, 2022). Therefore, discovery relating to the issue, and any other validity issues, is improper. *See, e.g., Phillips v. Bestway Rental, Inc.*, No. 4:12CV48, 2013 WL 832306, at *3 (N.D. Miss. Mar. 6, 2013) (rejecting request for discovery that the plaintiff claimed she needed to show the arbitration agreement as unconscionable because of the presence of a delegation clause), *aff'd,* 542 F. App'x 410 (5th Cir. 2013) (per curiam). And even absent the delegation clause, Plaintiff has not explained why pre-arbitration discovery is needed to determine whether the Terms of Use are unconscionable (or even explained if he is challenging the substantive or procedural unconscionability). *See Loewen*, 2015 WL 12780465, at *5 (denying pre-arbitration discovery request on similar grounds and "because the parties and the Court are already in possession of the relevant agreements").

**Consideration.** Plaintiff makes a passing argument that the Terms of Use lack consideration because they were presented to Plaintiff after he paid for his vehicle. ECF 38 at 13–14. As with Plaintiff's other legal arguments, he cites no authority to support his position that pre-arbitration discovery is permissible on this legal issue. The Fifth Circuit, as well as other courts, are clear that the only consideration needed for a valid arbitration agreement is "bilaterial promises to arbitrate." *Sharpe v. AmeriPlan Corp.*, 769 F.3d 909, 918 (5th Cir. 2014) (citing *In re Palm*

[12] *See also* ECF 31 at 23 (explaining applicable delegation clause).

*Harbor Homes, Inc.*, 195 S.W.3d 672, 676 (Tex. 2006) (orig. proceeding)); *Orellana v. Roblox Corp.*, 769 F. Supp. 3d 1273, 1283 (M.D. Fla. 2025) ("There is valid consideration for the arbitration agreement because the parties mutually waived their right to suit in favor of arbitration." (collecting cases)). No discovery is needed to determine that the promise to arbitrate in the Terms of Use is bilateral. The agreements speak for themselves. *See, e.g.*, ECF 31-1, Exs. 1–4 (Terms of Use in effect from March 20, 2021 through January 22, 2025). Because the arbitration clause in the Terms of Use contains a valid arbitration provision with adequate consideration, it is severable from the Terms of Use as a whole. *Toth v. Everly Well, Inc.*, 118 F.4th 403, 408-09 (1st Cir. 2024) (citing *Rent-A-Center*, 561 U.S. at 70-71). Therefore, given the delegation clause, if Plaintiff wants to raise the consideration argument presented in his Discovery Motion, he must do so in arbitration. *Dobbs v. Health IQ Ins. Servs.*, No. 21-5276, 2022 WL 2974713, at *3 (E.D. Pa. July 27, 2022). As such, there is no basis to grant discovery into the irrelevant issue.

At bottom, Plaintiff cannot use pre-arbitration discovery to try and "develop facts in support of additional defenses to enforcement of [the Terms of Use], such as unconscionability and lack of mutuality" because doing so is "overly broad, vague, and [] a fishing expedition, which is at odds with the limited discovery allowed in this type of action." *Northport Health Servs. of Arkansas, LLC v. Cmty. First Tr. Co.*, No. 2:12-CV-02284, 2013 WL 4048202, at *1 (W.D. Ark. Aug. 9, 2013).

### C. The Categories of Information Plaintiff Seeks Illustrate That This is an Impermissible Fishing Expedition

A review of the specific discovery requests Plaintiff seeks—many of which have nothing to do with the arguments presented in Plaintiff's Discovery Motion—just proves Toyota's point. Requests 1–3 and 5–7 seek *more* information regarding screens, flows, and documents relating Plaintiff's acceptances of the Terms of Use. ECF 38 at 14–15. But Toyota has already submitted

the relevant documents to this inquiry, and Plaintiff has done nothing to rebut that evidence, despite having the information needed to do so within his own possession and control. *See* Section IV.A., above. If Plaintiff has questions regarding whether *he* saw various screens, he should ask himself those questions, not Toyota. The remaining requests lack any relevant connection to the issue of contract formation at all. At best, these requests, such as request 4 which seeks "[a]ny notices provided to Plaintiff that describe, with respect to the various Connected Services or offers that Toyota provides, how driving data may be collected, used and/or shared," go to the merits of Plaintiff's underlying claims. ECF 38 at 15. But those claims and issues must be resolved in arbitration, not before this Court, and certainly not through any pre-arbitration discovery.[13]

## V. CONCLUSION

For the foregoing reasons, Toyota respectfully requests the Court deny Plaintiff's Motion for Limited Jurisdictional Discovery.

Dated: August 25, 2025

Respectfully submitted,

**ALSTON & BIRD LLP**

*/s/ Theodore Stevenson, III*
Theodore Stevenson, III (TX 19196650)
Chase Tower
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
Email: ted.stevenson@alston.com

*Counsel for Defendant Toyota Motor North America, Inc.*

---

[13] Per an Order entered by this Court, Plaintiff already agreed to stay such underlying merits discovery pending the Court's ruling on Toyota's Motion to Compel Arbitration. ECF 27 ¶ 6 (Agreed Motion); ECF 28 (Order granting same).

**Certificate of Service**

I certify that I electronically filed this document through the Court's CM/ECF system on August 25, 2025, with notice of case activity generated and sent electronically to all counsel of record.

*/s/ Theodore Stevenson, III*