**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **PHILIP SIEFKE**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**TOYOTA MOTOR NORTH AMERICA, INC., PROGRESSIVE CASUALTY INSURANCE COMPANY, CONNECTED ANALYTIC SERVICES,**<br><br>Defendants. | ) | Case No.: 4:25-cv-00406-ALM |

**DEFENDANT CONNECTED ANALYTIC SERVICES' RESPONSE TO PLAINTIFF'S CORRECTED MOTION FOR LIMITED JURISDICTIONAL DISCOVERY**

Defendant Connected Analytic Services ("CAS") hereby opposes Plaintiff's Corrected Motion For Limited Jurisdictional Discovery (ECF No. 38) (the "Motion" or "Mot.").

Defendant Toyota Motor North America, Inc. ("Toyota") filed a Motion to Compel Arbitration on July 8, 2025, based on Plaintiff's binding arbitration agreement with Toyota. ECF No. 31. Defendants CAS and Progressive Casualty Insurance Company ("Progressive") separately joined in that motion. ECF Nos. 32 & 33. CAS is entitled to compel arbitration because it is a Toyota Affiliate and third party beneficiary under Toyota's binding arbitration agreement. *See* ECF No. 32. Plaintiff filed its Motion following Defendants' arbitration demand, seeking to pursue an aimless and unwarranted fishing expedition at Defendants' expense.

For the sake of brevity, CAS joins and incorporates by reference Toyota's opposition to the Motion (ECF No. 41 ("Toyota Opposition")). As noted in the Toyota Opposition, Plaintiff fails to dispute the existence of an enforceable arbitration agreement, which is a threshold requirement for discovery. (ECF No. 41, at 5-9). Toyota has put forth the required evidentiary

showing to compel arbitration, and Plaintiff's Motion does not genuinely dispute the relevant facts necessary to rule on whether Plaintiff agreed to arbitrate his claims. *See In re: Online Travel Co.*, No. 3:12-CV-3515, 2013 WL 12123302, at *4 (N.D. Tex. Apr. 24, 2013) (denying pre-arbitration discovery "as to whether there was an enforceable arbitration agreement" because the plaintiffs failed to "provide[] any reason to doubt that they agreed to the terms of the user Agreement"). *See also Bell v. Koch Foods of Mississippi, LLC*, 358 F. App'x 498, 501 (5th Cir. 2009) (rejecting argument that discovery is appropriate "anytime a party bears the burden of proof[] and is either trying to compel or defeat arbitration" because "[s]uch a broad rule would defeat the FAA's requirement of summary and speedy disposition of motions and petitions to enforce arbitration clauses."). As a result, Plaintiff has failed to show a compelling need for discovery.

Moreover, none of the discovery sought by Plaintiff's Motion actually implicates discovery from CAS. Rather, the bulk of Plaintiff's motion argues that he needs discovery regarding whether *he* consented to the Toyota's Connected Services Terms of Use (e.g. "when and how Plaintiff entered into the Terms of Use, and how those terms were presented through the Toyota App"). Mot. at 4 ("topics" 1, 3, 5); *id.* 7–10, 12–13. But no discovery from CAS is needed by Plaintiff on those issues. Instead, Plaintiff's consent to the Toyota Terms of Use was established by Toyota in its motion to compel arbitration and is otherwise known to Plaintiff. ECF No. 31. *See, e.g.*, *Bell*, 358 F. App'x at 501 (affirming denial of request for arbitration-related discovery because "the requested information was . . . already within the personal knowledge of the [plaintiffs]" and therefore "would not have helped [them] to satisfy their burden of proof"). Based on the record here, no jurisdictional discovery is warranted.

Overall, none of the requested discovery is material to determining the pending motion to compel arbitration as to Plaintiff Philip Siefke. *See Alpine View Co. Ltd. v. Atlas Copco AB*, 205

F.3d 208, 221 (concluding that the denial of jurisdictional discovery is proper "where discovery sought 'could not have added any significant facts.'" (quoting *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982)).

Accordingly, CAS joins the Toyota Opposition and respectfully requests that the Court deny Plaintiff's Motion.

Dated: August 25, 2025

Respectfully submitted,

*/s/ Mark Francis*

Mark Francis
mark.francis@hklaw.com
**HOLLAND & KNIGHT, LLP**
787 7th Avenue
31st Floor
New York, New York 10019
(212) 513-3200
(212) 385-9010 (facsimile)

Jessica Magee
State Bar No. 24037757
jessica.magee@hklaw.com
Tricia DeLeon
State Bar No. 24005885
tricia.deleon@hklaw.com
**HOLLAND & KNIGHT, LLP**
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
(214) 964-9500
(214) 964-9501 (facsimile)

Jacob B. Hadjis
Texas Bar No. 24134447
jacob.hadjis@hklaw.com
**HOLLAND & KNIGHT, LLP**
811 Main Street, Suite 2500
Houston, Texas 77002
(713) 821-7000
(713) 821-7001 (facsimile)

**ATTORNEYS FOR DEFENDANT, CONNECTED ANALYTIC SERVICES**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing *Defendant Connected Analytic Services' Response To Plaintiff's Corrected Motion For Limited Jurisdictional Discovery* was served on all counsel of record via ECF on August 25, 2025.

*/s/ Mark Francis*
Mark Francis