**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

**PHILIP SIEFKE**, individually and on behalf of all others similarly situated,

Plaintiff,

v.

**TOYOTA MOTOR NORTH AMERICA, INC., PROGRESSIVE CASUALTY INSURANCE COMPANY, CONNECTED ANALYTIC SERVICES,**

Defendants.

Case No.: 4:25-cv-00406

**DEFENDANT PROGRESSIVE CASUALTY INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S**
**MOTION FOR LIMITED JURISDICTIONAL DISCOVERY**

Defendant Progressive Casualty Insurance Company (Progressive) hereby opposes Plaintiff's Motion For Limited Jurisdictional Discovery (ECF No. 38) (the "Motion" or "Mot.").

As the Court is aware, Defendant Toyota Motor Noth America, Inc. ("Toyota") filed a Motion to Compel Arbitration on July 8, 2025, based on Plaintiff's binding arbitration agreements with Toyota. ECF No. 31. Defendants Connected Analytic Services ("CAS") and Progressive each separately joined in that motion. ECF Nos. 32 & 33. Progressive argues that it is entitled to compel arbitration, based on Plaintiff's binding arbitration agreement with Toyota, under the doctrine of equitable estoppel. *See generally* ECF No. 33.

None of the discovery sought by Plaintiff's Motion implicates discovery from Progressive. Rather, the topics identified in the Motion all concern the agreements with Toyota and its consent process. Mot. at 14-15. Nevertheless, although Plaintiff claims he seeks discovery supposedly on "the issue of contract formation," *id.* at 1, he actually requests broad discovery from Toyota that

goes far beyond Mr. Siefke's own circumstances. Further, without recourse to discovery, Toyota has put forth the required evidentiary showing to compel arbitration, and Plaintiff's Motion does not genuinely dispute the relevant facts necessary to rule on the motions pending before the Court. Based on the record here, no jurisdictional discovery is warranted. *See, e.g.*, *Bell v. Koch Foods of Mississippi, LLC*, 358 F. App'x 498, 501 (5th Cir. 2009) (rejecting argument that discovery is appropriate "anytime a party bears the burden of proof[] and is either trying to compel or defeat arbitration" because "[s]uch a broad rule would defeat the FAA's requirement of summary and speedy disposition of motions and petitions to enforce arbitration clauses."); *id.* (affirming denial of discovery because it "would not have helped the [plaintiffs] to satisfy their burden of proof"); *In re: Online Travel Co*., 2013 WL 12123302, at *4 (N.D. Tex. Apr. 24, 2013) (denying pre-arbitration discovery "as to whether there was an enforceable arbitration agreement" because the plaintiffs failed to "provide[] any reason to doubt that they agreed to the terms of the user Agreement").

Accordingly, Progressive joins in Toyota's Opposition (ECF No. 41) and respectfully requests that the Court deny Plaintiff's Motion, for the reasons set forth in greater detail by Toyota's Opposition, which Progressive incorporates herein.

Dated: August 25, 2025

Respectfully submitted,

*/s/ David J. Levy*

David J. Levy
Bar No. 12264850
**MORGAN, LEWIS & BOCKIUS LLP**
1000 Louisiana St., Suite 4000
Houston, TX 77002-5006
Telephone: 713.890.5000
Facsimile: 713.890.5001
david.levy@morganlewis.com

Damon Elder *(Pro Hac Vice)*
WA Bar No. 46754
Andrew DeCarlow *(Pro Hac Vice)*
WA Bar No. 54471
**MORGAN, LEWIS & BOCKIUS LLP**
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: 206.274.6400
Facsimile: 206.274.6401
damon.elder@morganlewis.com
andrew.decarlow@morganlewis.com

*Attorneys for Progressive Casualty Insurance Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 25, 2025, the undersigned caused a copy of the foregoing document to be served on all counsel of record, via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*/s/ David Levy*
David J. Levy