**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| **PHILIP SIEFKE**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**TOYOTA MOTOR NORTH AMERICA, INC., PROGRESSIVE CASUALTY INSURANCE COMPANY, CONNECTED ANALYTIC SERVICES,**<br><br>Defendants. | Case No.: 4:25-cv-00406-ALM |

**DEFENDANT CONNECTED ANALYTIC SERVICES' REPLY IN SUPPORT OF ITS JOINDER TO MOTION TO COMPEL ARBITRATION**

Defendant Connected Analytic Services ("CAS") submits this reply brief in support of its Joinder To Motion To Compel Arbitration (ECF No. 32, "CAS Joinder") and incorporates by reference Toyota Motor North America, Inc.'s ("Toyota") Reply In Support of Its Motion to Compel Arbitration and Stay Litigation (ECF No. 44, "Toyota Reply").

As detailed in Toyota's moving brief, Plaintiff Philip Siefke plainly agreed to arbitrate his claims when he purchased his vehicle from Toyota and clicked through the notices and consents to Toyota's Connected Services Terms of Use ("Terms of Use") which contained a clear and conspicuous arbitration clause and class action waiver. *See* Motion to Compel Arbitration and Stay Litigation ("Motion to Compel") (ECF No. 31).[1] He is bound to arbitration with Toyota and with CAS—a Toyota affiliate and third party beneficiary under Toyota's binding arbitration agreement. *See* CAS Joinder.

[1] CAS filed a Joinder to Toyota's Motion to Compel on July 8, 2025, thereby adopting and joining the Motion. (*See* ECF No. 32).

In Opposition to Toyota's Motion to Compel, Plaintiff does not dispute these essential facts or otherwise challenge the legal arguments within the Motion to Compel. (*See* ECF No. 40, "Opposition"). Instead, he merely defers to his Motion for Limited Discovery ("Discovery Motion") (ECF No. 38) and requests that the Court delay its ruling on the Motion to Compel until after its ruling on the Discovery Motion.

As set forth in the Toyota Reply, Plaintiff waived his arguments in response to the Motion to Compel by failing to address Toyota's arguments in his Opposition. *See* Toyota Reply at 4-5 (citing *Charboneau v. Box*, No. 4:13-CV-678, 2017 WL 1159765, at *13 (E.D. Tex. Mar. 29, 2017) (Mazzant, J.) ("[F]ailure to brief an argument in response to [a motion to dismiss] results in waiver of that argument. . ."); *MRK2 Brokerage LLC v. Deutsche Bank Nat'l Tr. Co.*, No. 3:23-cv-960-X-BN, 2024 U.S. Dist. LEXIS 40639, at *12 (N.D. Tex. Jan. 10, 2024) (similar for motion for summary judgment (citing *Harris v. City of Schertz*, 27 F.4th 1120, 1123 (5th Cir. 2022); *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1163-64 (5th Cir. 1983)); *see also Sanchez v. Nordstrom, Inc.*, No. 20-CV-20017, 2020 WL 3078533, at *1 (S.D. Fla. June 10, 2020) ("Failure to respond to arguments in a motion to compel arbitration is a sufficient basis to grant the same."); LR-CV 7(d)).

Furthermore, Plaintiff has no legal basis to oppose the Motion to Compel. Even if the Court were to consider the improperly raised arguments in Plaintiff's Discovery Motion, each argument fails to negate enforcement of Plaintiff's clear agreement to arbitrate.

First, Plaintiff had reasonable notice of the hyperlinked terms within the Toyota App that he accessed; Toyota gave Plaintiff notice *three times* that he was agreeing to the Terms of Use and Plaintiff affirmatively clicked "Accept" *each time*. *See* Toyota Reply at 6. The Fifth Circuit routinely enforces terms within agreements hyperlinked in such click-wrap agreements. *See e.g.,*

*JLR Glob., LLC v. Paypal Holding Co.*, No. 4:22-CV-559, 2023 WL 2527158, at *4 (E.D. Tex. Mar. 15, 2023) (Mazzant, J.) ("[c]ourts have routinely found clickwrap agreements as binding contracts"); *Phillips v. Neutron Holdings, Inc.*, No. 3:18-CV-3382-S, 2019 WL 4861435, at *4 (N.D. Tex. Oct. 2, 2019) ("Courts typically enforce sign-in-wraps where the user had reasonable notice of the existence of the terms"); *Walker v. Neutron Holdings, Inc.,* No. 1:19-CV-574-RP, 2020 WL 703268, at *4 n.3 (W.D. Tex. Feb. 11, 2020) (upholding sign-in-wrap agreement provided adequate notice to the plaintiff because "a reasonable user would view the Lime App sign-in screen and see that the User Agreement is part of the offer to proceed with the transaction by clicking 'NEXT' or 'Continue with Facebook'"); *McKimmy v. OpenSea*, No. 4:22-CV-00545, 2023 WL 6370907, at *2 (S.D. Tex. Mar. 22, 2023) ("Notice is particularly sufficient when the terms of service are hyperlinked and typed in bold colored font."). Toyota's notice conspicuously linked to the "Connected Services Terms of Use" which was emphasized in red, bold font contrasting from the white background and surrounding black text. *See* Toyota Reply at 7. These highly visible features are adequate to establish reasonable notice in the Fifth Circuit. Even Plaintiff's cited cases support a finding that a finding that a hyperlink (i) in bold, contrasting colored font, (ii) displayed in close proximity to the assent button; (iii) with notice that "[b]y continuing, you agree to Toyota's handling of vehicle data according to the Connected Services Terms of Use and Connected Services Privacy Notice," provides reasonably conspicuous notice and evidences that the customer unambiguously manifests his assent to the hyperlinked terms. *Id*. at 7-8.

Second, Plaintiff's vague reference to lack of consideration or unconscionability of the Terms of Use fails because (a) he does not identify any supporting legal theory or case law whatsoever, and (b) all legal theories relating to consideration for the Terms of Use or their

purported unconscionability are delegated to the arbitrator, pursuant to the delegation clause in the Terms of Use. *See id*. at 9. Texas and Fifth Circuit courts acknowledge that valid delegation clauses require the arbitrator, rather than the Court, to decide issues of arbitrability, including issues of consideration and unconscionability. *See, e.g., Edwards v. Doordash, Inc.*, 888 F.3d 738, 746 (5th Cir. 2018) (collecting cases); *Dobbs v. Health IQ Ins. Servs.*, No. 21-5276, 2022 WL 2974713, at *3 (E.D. Pa. July 27, 2022) (declining to consider consideration argument due to delegation clause).

Accordingly, CAS hereby joins in the Toyota Reply and respectfully requests that the Court grant the Motion to Compel Arbitration and Stay Litigation (ECF No. 31) and CAS Joinder (ECF No. 32), and stay this case pending the outcome of arbitration.

Dated: September 11, 2025

Respectfully submitted,

*/s/ Mark Francis*

Jessica Magee
State Bar No. 24037757
jessica.magee@hklaw.com
Tricia DeLeon
State Bar No. 24005885
tricia.deleon@hklaw.com
**HOLLAND & KNIGHT, LLP**
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
(214) 964-9500
(214) 964-9501 (facsimile)

Mark Francis
mark.francis@hklaw.com
**HOLLAND & KNIGHT, LLP**
787 7th Avenue
31st Floor
New York, New York 10019
(212) 513-3200
(212) 385-9010 (facsimile)

Jacob B. Hadjis
Texas Bar No. 24134447
jacob.hadjis@hklaw.com
**HOLLAND & KNIGHT, LLP**
811 Main Street, Suite 2500
Houston, Texas 77002
(713) 821-7000
(713) 821-7001 (facsimile)

**ATTORNEYS FOR DEFENDANT,
CONNECTED ANALYTIC SERVICES**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing *Defendant Connected Analytic Services' Reply In Support Of Its Joinder To Motion To Compel Arbitration* was served on all counsel of record via ECF on September 11, 2025.

*/s/ Mark Francis*
Mark Francis