UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **PHILIP SIEFKE**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**TOYOTA MOTOR NORTH AMERICA, INC., PROGRESSIVE CASUALTY INSURANCE COMPANY, CONNECTED ANALYTIC SERVICES,**<br><br>Defendants. | Case No.: 4:25-cv-00406 |

**DEFENDANT PROGRESSIVE CASUALTY INSURANCE COMPANY'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY LITIGATION**

Defendant Progressive Casualty Insurance Company ('Progressive") hereby replies to Plaintiff's Response in Opposition to Defendants' Motion to Compel Arbitration (ECF No. 40) ("Opposition" or "Opp."). In his Opposition, Plaintiff did not address the merits of the Defendants' motions to compel arbitration, let alone the equitable estoppel argument in Progressive's Motion to Compel Arbitration (ECF No. 33). As such, Plaintiff should be deemed to have agreed with, waived or forfeited any response to that argument. Progressive's Motion should be granted for that reason and on the merits, and for the reasons set forth in Toyota's reply (ECF No. 44) to Plaintiff's Opposition, which Progressive incorporates herein.

## BACKGROUND

Defendant Toyota Motor North America, Inc. ("Toyota") filed a Motion to Compel Arbitration on July 8, 2025, based on Plaintiff's binding arbitration agreements with Toyota. ECF No. 31. Defendants Progressive and Connected Analytic Services ("CAS") each separately joined

in that motion. ECF Nos. 32 & 33. In its Motion, Progressive argued that the doctrine of equitable estoppel applies and renders Plaintiff's claims against Progressive subject to the same mandatory arbitration agreements as Toyota for two independently sufficient reasons. *See* ECF No. 33 at 5-14. First, Plaintiff's claims against Progressive are based on his contracts with Toyota and cannot be proven without reference to those contracts. *Id.* at 8-11. Second, Plaintiff's claims against Progressive are fundamentally intertwined with his claims against Toyota. *Id.* at 12-14. Thus, Progressive's Joinder in the Motion to Compel Arbitration raised a straightforward legal question—whether the doctrine of equitable estoppel would apply to Plaintiff's arbitration agreements with Toyota, assuming Plaintiff had validly entered into those arbitration agreements with Toyota (*see* ECF No. 31, Toyota's Motion).

On August 5, 2025, Plaintiff filed an unopposed motion to set a deadline to respond to the pending motions to compel arbitration and also to set a separate briefing schedule for a related motion for jurisdictional discovery from Toyota. *See* ECF No. 36 (Plaintiff's Motion to Extend Time) *and* ECF No. 38 (Plaintiff's Motion for Limited Jurisdictional Discovery). As Plaintiff acknowledges, his deadline to oppose the motions to compel arbitration was August 21, 2025. Opp. at 2. In his Motion for Limited Jurisdictional Discovery, Plaintiff only argued that he should be allowed "limited discovery so that the Court can properly evaluate [the] issue of contract formation and Defendants' Motion." ECF No. 38 at 2. Defendants each separately opposed the motion for jurisdictional discovery from Toyota, because such discovery is unnecessary to determine the issue of whether Plaintiff is bound by his agreements to arbitrate. *See* ECF Nos 38 & 43.

On August 22, the day after Plaintiff's agreed deadline, without a ruling on his Motion for Limited Jurisdictional Discovery, Plaintiff filed one consolidated opposition to all three pending

motions to compel arbitration. ECF No. 40. That Opposition does not respond to the merits of Progressive's Motion and does not address the equitable estoppel arbitration issue raised by Progressive (i.e., if Plaintiff is bound to arbitrate with Toyota, he is also bound to arbitrate with Progressive under the doctrine of equitable estoppel). *See id.* at 1-2.

Importantly, Plaintiff's discovery motion does not ask for any discovery unique to Progressive; it only seeks discovery on "contract formation" with Toyota. *Id.* Thus, if the Court finds that there is a valid arbitration agreement between Plaintiff and Toyota, it should also grant Progressive's motion to compel arbitration under the doctrine of equitable estoppel.

**ARGUMENT**

A responding party forfeits the opportunity to oppose an argument by failing to brief it in response. *Psara Energy, Ltd. v. Space Shipping, Ltd.*, 427 F. Supp. 3d 858, 859 (E.D. Tex. 2019) (argument waived "because it was not briefed in their response . . . ."); *Charboneau v. Box*, No. 4:13-CV-678, 2017 WL 1159765, at *13 (E.D. Tex. Mar. 29, 2017) (Mazzant, J.) ("[F]ailure to brief an argument in response to [a motion to dismiss] results in waiver of that argument. . ."); *see also* LCV-7(d) ("A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion.").

Indisputably, Plaintiff's Opposition does not address any of the legal arguments raised by Progressive in its own Motion to Compel Arbitration (beyond suggesting that the arbitration agreements with Toyota may not be valid). In fact, in response to Defendants' separate motions, Plaintiff asserts only that his "response to the Motion to Compel depends on whether jurisdictional discovery is allowed, and on its scope." *See* Dkt. No. 40 at 2. And Plaintiff only argues that additional discovery is required to oppose contract formation and consent to arbitration with

Toyota. *See* Dkt. No. 38. No such discovery is necessary, as Defendants have shown, and the motions to compel arbitration should be granted on their merits at this time.[1] Regardless, Plaintiff's arguments simply do not respond to the grounds for compelling arbitration against Progressive under the equitable estoppel doctrine.

Plaintiff's briefing strategy cannot excuse his failure to oppose the purely legal arguments raised separately by Progressive. Plaintiff cannot, nor does he even attempt to, show that additional discovery is necessary to oppose Progressive's legal assertions regarding the application of the equitable estoppel doctrine. Indeed, he asks for no discovery from Progressive at all. *See* ECF No. 43. The Fifth Circuit has routinely affirmed that district courts can resolve purely legal questions even when a party asserts that additional discovery is needed to resolve related factual disputes. *See, e.g.*, *Burton v. Banta Global Turnkey Ltd.*, 170 Fed.Appx. 918, 925 n. 7 ("Because preemption is a purely legal issue, this ruling of the district court [granting a motion for summary judgment] is unaffected by any discovery issues."); *Brazos Valley Coalition for Life, Inc. v. City of Bryan*, 421 F.3d 314, 327 (5th Cir.2005) ("Appellants do not even attempt to show, nor can we readily imagine, how any additional discovery would have been necessary to answer these purely legal questions [regarding damages]."); *Rosas v. U.S. Small Bus. Admin.*, 964 F.2d 351, 359 (5th Cir.1992) ("As the issues to be decided by the district court were purely legal in nature, the court did not abuse its discretion in deciding the summary judgment motion prior to completion of discovery.").

[1] Plaintiff's non-substantive response is further demonstration that Plaintiff simply lacks a basis to oppose Toyota's own Motion to Compel Arbitration, as Toyota has persuasively addressed—in response to Plaintiff's Motion for Jurisdictional Discovery—each theoretical ground Plaintiff has raised in asking to delay ruling on the pending motion. *Compare* ECF 37 at 9–13 and ECF 41 at 14–12 (Toyota's response to same).

Even if the Court were inclined to grant Plaintiff's request for jurisdictional discovery from Toyota on the issue of contract formation (it should not), that would not preclude the Court from resolving the purely legal question of whether equitable estoppel would apply to allow Progressive to compel arbitration should an enforceable agreement ultimately be found to exist between Plaintiff and Toyota. Plaintiff had a deadline to oppose Progressive's position, and chose not to do so. Plaintiff can therefore be presumed to have not opposed the potential application of equitable estoppel to his claims against Progressive. *See Educ. Mgmt. Servs., L.L.C. v. Slaikeu*, No. CV SA-14-CA-135-OLG, 2014 WL 12586408, at *8, n.80 (W.D. Tex. May 23, 2014), *report and recommendation adopted sub nom. Educ. Mgmt. Servs., LLC v. Slaikeu*, No. SA-14-CV-135-OLG, 2014 WL 12586779 (W.D. Tex. June 12, 2014) (granting defendant's motion to compel arbitration because of plaintiff's failure to oppose despite having "filed a number of submissions, including responses to motions to dismiss and a second amended complaint").

By failing to respond to Progressive's position, the Court should presume that Plaintiff is unable to substantively oppose Progressive's arguments. Other Judges in this District have likewise found forfeiture under similar circumstances. *See, e.g., Tisdale v. Enhanced Recovery Co., LLC*, No. 422CV00286SDJCAN, 2023 WL 1810413, at *13, n.27 (E.D. Tex. Jan. 17, 2023), *report and recommendation adopted*, No. 4:22-CV-286, 2023 WL 1802393 (E.D. Tex. Feb. 7, 2023) (citing LCV-7(d) in recommending dismissal on Rule 12(b)(6) grounds in part because "Plaintiff does not address ERC's accrual argument brought under Rule 12(b)(6) in his response."); *Hamed v. Fry's Elecs., Inc.*, No. 4:17-CV-00675, 2017 WL 6325611, at *2 (E.D. Tex. Dec. 11, 2017) (citing LCV-7(d) in compelling arbitration where Plaintiff's opposition brief "presents no arguments or authority stating the reasons she is in opposition to this motion to compel"); *Rich v. Columbia Med. Ctr. of Plano Subsidiary, L.P.*, No. 4:19-CV-404, 2020 WL 954737, at *2 (E.D.

Tex. Feb. 27, 2020) (citing LCV-7(d) in concluding that because "Plaintiff did not file a response to whether or not there was a valid arbitration agreement or whether the present dispute falls within the scope of the arbitration provision. . . . the Court presumes that Plaintiff . . . has no evidence to offer in opposition to the argument").

## CONCLUSION

Arbitration should be compelled based on Plaintiff's contracts with Toyota that contained arbitration agreements. Progressive is entitled to compel arbitration under the doctrine of equitable estoppel, and Plaintiff has completely failed to respond to those arguments. Progressive's Joinder in the Motion to Compel Arbitration should therefore be granted.

Dated: September 11, 2025

Respectfully submitted,

*/s/ David J. Levy*

David J. Levy
Bar No. 12264850
**MORGAN, LEWIS & BOCKIUS LLP**
1000 Louisiana St., Suite 4000
Houston, TX 77002-5006
Telephone: 713.890.5000
Facsimile: 713.890.5001
david.levy@morganlewis.com

Damon Elder *(Pro Hac Vice)*
WA Bar No. 46754
Andrew DeCarlow *(Pro Hac Vice)*
WA Bar No. 54471
**MORGAN, LEWIS & BOCKIUS LLP**
1301 Second Avenue, Suite 3000
Seattle, WA 98101
Telephone: 206.274.6400
Facsimile: 206.274.6401
damon.elder@morganlewis.com
andrew.decarlow@morganlewis.com

*Attorneys for Progressive Casualty Insurance Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 11, 2025, the undersigned caused a copy of the foregoing document to be served on all counsel of record, via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*/s/ David Levy*
David J. Levy