UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| PHILIP SIEFKE, individually and on behalf of all others similarly situated,<br><br>                         Plaintiff,<br><br>v.<br><br>TOYOTA MOTOR NORTH AMERICA, INC., PROGRESSIVE CASUALTY INSURANCE COMPANY, CONNECTED ANALYTIC SERVICES,<br><br>                         Defendants. | Case No. 4:25-cv-00406<br>Hon. Judge Amos L. Mazzant |

**PLAINTIFF'S SURREPLY TO DEFENDANTS' REPLY IN SUPPORT OF OPPOSITION TO MOTION TO COMPEL ARBITRATION AND STAY LITIGATION**

## TABLE OF CONTENTS

I.   Toyota Blatantly Misrepresented the Burden of Proof ..................................................1

II.  Plaintiff's Procedural Conduct Was Appropriate ...........................................................2

III. Plaintiff's Request for Jurisdictional Discovery Is Well Founded ..............................2

IV.  Conclusion ....................................................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Baldwin v. Beeche,*
    2021 WL 1377149 (E.D. Tex. Apr. 12, 2021) ............................................................. 1, 5

*Charboneau v. Box*,
    2017 WL 1159765, at *13 (E.D. Tex. Mar. 29, 2017) ....................................................... 5

*Ghazizadeh v. Coursera, Inc.*
    737 F. Supp. 3d 911 (N.D. Cal. 2024) ............................................................................ 5

*Hargrave v. Fibreboard Corp.*,
    710 F.2d 1154, 1163-64 (5th Cir. 1983) ......................................................................... 5

*JLR Glob., LLC v. Paypal Holding Co.*,
    2023 WL 2527158, at *4 (E.D. Tex. Mar. 15, 2023) ....................................................... 2

*Lloyd's Syndicate 457 v. FloaTEC, L.L.C.*,
    921 F.3d 508, 516 n.5 (5th Cir. 2019) ............................................................................. 1

*Magee v. Walt Disney Co.*,
    2020 WL 6047428, at *2 (S.D.N.Y. Oct. 13, 2020) ......................................................... 6

*Mansour v. Morgan Stanley*,
    No. 4:24-CV-459, 2025 WL 2380456, at *4 (E.D. Tex. Aug. 15, 2025) ........................... 1

*McKimmy v. OpenSea*,
    2023 WL 6370907, at *2 (S.D. Tex. Mar. 22, 2023) ....................................................... 3

*MRK2 Brokerage LLC v. Deutsche Bank Nat'l Tr. Co.*, 2024 WL 923213 at *4–6
    (N.D. Tex. Jan. 10, 2024) .............................................................................................. 5

*Phillips v. Neutron Holdings, Inc.*,
    2019 WL 4861435, at *4 (N.D. Tex. Oct. 2, 2019) ......................................................... 3

*Sanchez v. Nordstrom, Inc.*,
    2020 WL 3078533, at *1 (S.D. Fla. June 10, 2020) ........................................................ 5

*U.S. Money Reserve, Inc. v. Kagan*,
    No. A-18-CV-577-LY, 2019 WL 131469 (W.D Tex. Jan. 29, 2019). ............................... 4

*Vela v. City of Houston*,
    276 F.3d 659, 678-79 (5th Cir. 2001) ................................................................................ 5

*Walker v. Neutron Holdings, Inc.,*
    2020 WL 703268, at *4 n.3 (W.D. Tex. Feb. 11, 2020) ...................................................... 3

In its Reply in support of the Motion to Compel [Dkt. 44],[1] in which other Defendants join, Defendant Toyota Motor North America, Inc. ("Toyota") repeats many of the arguments made in the original motion and attempts to shift the Court's focus away from the central, undecided issue in this case: whether a valid and enforceable arbitration agreement was ever formed. As demonstrated below, Toyota's arguments are unsupported by the law and the facts and, Plaintiff respectfully requests that the Court allow limited discovery to determine whether a valid and enforceable arbitration agreement was ever formed as required by the Federal Arbitration Act (FAA).

## I.    <u>Toyota Blatantly Misrepresented the Burden of Proof</u>

Toyota has blatantly misrepresented the burden of proof to this Court, when it asserts that "because of the strong presumption in favor of arbitration, [Plaintiff] bears the burden" to demonstrate that the agreement is invalid.  Reply at 3 (citing *Mansour v. Morgan Stanley*, 2025 WL 2380456, at *4 (E.D. Tex. Aug. 15, 2025) (Mazzant, J.). This Court unequivocally stated that "[t]he party seeking to compel arbitration must prove the existence of an agreement to arbitrate by a preponderance of the evidence." *Id*. In fact, the Court stated, "Although there is a strong federal policy favoring arbitration, the policy 'does not apply to the determination of whether there is a valid agreement to arbitrate between the parties.'"  *Id*. (citing *Lloyd's Syndicate 457 v. FloaTEC, L.L.C.*, 921 F.3d 508, 516 n.5 (5th Cir. 2019)); see also *Baldwin v. Beeche*, 2021 WL 1377149, at *2 (E.D. Tex. Apr. 12, 2021) (Mazzant, J.)  (same). "***The FAA 'does not require parties to arbitrate when they have not agreed to do so*.'"** *Baldwin*, 2021 WL 1377149, at *2 (emphasis added)(citation omitted). Plaintiff's Discovery Motion is directed at this precise issue: Did the parties agree to arbitrate? Toyota should welcome the opportunity to create an evidentiary record.

---

[1] Toyota's Reply in Support of the Motion to Compel Arbitration and Stay Litigation is cited as Reply at [page].

## II.    Plaintiff's Procedural Conduct Was Appropriate

In its Reply, Toyota erroneously asserts that "Plaintiff's deference to his Discovery Motion amounts to a concession that Plaintiff has no good faith basis (legal or factual) to challenge arbitration." (Reply at 1).  However, as laid out in Plaintiff's Motion for Limited Jurisdictional Discovery [Dkt. 38] ("Discovery Motion"), Defendants do not provide complete documentation. Instead, they rely on cherry-picked factual contentions from multiple contracts and various interfaces that are convoluted at best and raise multiple issues. For that reason, Plaintiff requested limited discovery to assert his defenses to contract formation and provide the Court with an evidentiary record to properly and fully adjudicate this issue.  Therefore, Plaintiff respectfully awaits the resolution of his Discovery Motion before responding substantively to Toyota's Motion to Compel. Otherwise, Plaintiff is in the unenviable position of trying to decipher "contracts" that appear to be "held up more by hope than hardware."  Plaintiff's Discovery Motion makes clear that, in Plaintiff's view, jurisdictional discovery must precede any adjudication on the merits of the Motion to Compel.

## III.    Plaintiff's Request for Jurisdictional Discovery Is Well Founded

Because Toyota provides limited information as to various agreements it attempts to enforce, Plaintiff's request for jurisdictional discovery is not "gamesmanship" (Reply at 2), and Toyota's cases are inapposite.

In *JLR Glob., LLC v. PayPal Holding Co.*, 2023 WL 2527158, at *4 (E.D. Tex. Mar. 15, 2023), this Court applied Delaware law to a "clickwrap agreement."  Delaware law is inapplicable here, and, perhaps more importantly, the Toyota App presents a "browsewrap agreement", not a "clickwrap" agreement.  Indeed, Toyota itself claims that Plaintiff accepted its Terms of Use *merely by driving the car*. (Reply at note 3).

In *Phillips v. Neutron Holdings, Inc.*, 2019 WL 4861435 (N.D. Tex. Oct. 2, 2019) and *Walker v. Neutron Holdings, Inc.,* 2020 WL 703268 (W.D. Tex. Feb. 11, 2020), at issue was the Lime app, which is provided for electric scooters.  Lime's app contained the following verbiage "b]y signing up, I confirm that I am at least 18 years old, and that I have read and agreed to Lime's User Agreement & Terms of Service." *Phillips*, 2019 WL 4861435, at *14.  In contrast, Toyota contends that its app states: "'[b]y continuing, you agree to **Toyota's handling of vehicle data** according to the Connected Services Terms of Use and Connected Services Privacy Notice.'" (Dkt. 31 at 3)(emphasis added).  This is a far cry from the clear notice provided by Lime.  On its face, Toyota's notice speaks only about undefined "vehicle data," and it is not analogous.

Similarly, in *McKimmy v. OpenSea*, 2023 WL 6370907, at *2 (S.D. Tex. Mar. 22, 2023), the court observed that "[w]hen a user purchases a NFT for the first time using OpenSea's website, he or she must check a box affirming that they '"agree to OpenSea's Terms of Service."'  No such clear and unambiguous statement is provided in the Toyota App. Instead, Toyota wants this Court to rely on a handful of cherry-picked screenshots to prove that a reasonable purchaser would have understood that by continuing through the app they were agreeing to a mandatory arbitration provision. However, the screenshots selected by Toyota raise more questions than they answer. Plaintiff purchased his vehicle on March 20, 2021, but did not allegedly "accept" the Terms of Use until March 21, 2021. Also, Toyota is referencing multiple contracts. Was there additional consideration for the arbitration agreement? By its very nature, it appears that Plaintiff had already received the benefit of his bargain (the vehicle and its services) before being presented with the post-sale arbitration clause. Therefore, additional consideration would be required. *See U.S. Money Reserve, Inc. v. Kagan*, 2019 WL 1313469 (W.D Tex. Jan. 29, 2019).

Finally, the notice provided must explicitly advise a user that the act of clicking a button

constitutes assent to a legal agreement. Toyota's screenshots fall short of this standard. All these issues raise legitimate questions as to the validity of the agreement necessitating limited discovery Accordingly, posing them is not "gamesmanship," but necessary to determine if a contract is valid.

Toyota is the party engaging in gamesmanship by arguing Plaintiff's request for jurisdictional discovery waived "any substantive arguments" and asserting that "if Plaintiff had good faith legal arguments to raise, he surely would have." (Reply at 4, 5).  Plaintiff stated in his motion for jurisdictional discovery: "Plaintiff intends to oppose Defendants' Motions to Compel Arbitration on the contractual formation and the arbitration provision contained in the Terms of Use, among other bases." (Dkt. 38 at 4).  This has not changed, but Plaintiff requests limited discovery to effectively do so.  As such, this motion is the proper vehicle for a party to seek discovery necessary to oppose a motion, if an opposition is warranted. Plaintiff cannot simply rely on Defendants' assertion that this complicated set of facts with selected screenshots somehow establishes a valid contract, nor should the Court.

Some of Toyota's own arguments support the need for jurisdictional discovery.  For instance, Toyota insists that "the Toyota App gave Plaintiff notice *three times* that he was agreeing to the Terms of Use." (Reply at 6, emphasis in original)  That is precisely why jurisdictional discovery is necessary. If Plaintiff consented to three different versions of a contract, then the Court needs a clear record as to how Toyota contends, Plaintiff agreed to each set of terms, and the provisions of each contract, before deciding whether arbitration should be compelled.  Any ambiguity or contradiction among the three contracts may preclude contract formation.

Toyota again argues that Plaintiff "waived" issues of unconscionability and consideration, despite explicitly raising them in his Discovery Motion (Reply at 9).  Toyota is clearly concerned, if not aware, that jurisdictional discovery will reveal that Plaintiff was provided with no

consideration in exchange for the alleged consent to arbitrate (which is, in any case, denied). Plaintiff paid for the car. Discovery will show that, whether he "consented" or not to the arbitration provision contained in Toyota's mobile application, the car's price would have been the same. The Court should defer determination on Toyota's motion to compel arbitration until after it has adjudicated Plaintiff's request for limited jurisdictional discovery.

Toyota's cases are each distinguishable and inapplicable.[2] Toyota erroneously argues that "many courts" grant motions to compel while simultaneously denying motions for pre-arbitration discovery. Toyota mischaracterizes *Ghazizadeh v. Coursera, Inc.* 737 F. Supp. 3d 911 (N.D. Cal. 2024). In *Ghazizadeh*, the Court found that the company's burden on a motion to compel arbitration was to demonstrate "unambiguous manifestation of assent" (*Id.* at *936) by the app's user. That is certainly not the case here, and Toyota cannot meet the *Ghazizadeh* burden.[3]

## IV.    **Conclusion**

Courts in this Circuit have consistently recognized that pre-arbitration discovery is appropriate when there is a question as to contract formation. Plaintiff has not waived his substantive arguments on the Motion to Compel. "Litigation in federal court is not a 'gotcha game.'" *Magee v. Walt Disney Co.*, 2020 WL 6047428, at *2 (S.D.N.Y. Oct. 13, 2020). Plaintiff intends to respond in accordance with this Court's ruling on its Motion.

---

[2] None of the cases cited by Toyota in support of the proposition that Plaintiff has "waived" his arguments in opposition to the Motion to Compel involved a parallel motion for jurisdictional discovery. *Charbonneau v. Box*, 2017 WL 1159765 (E.D. Tex. Mar. 29, 2017) was concerned with the timeliness of a defendant's motion to dismiss; *MRK2 Brokerage LLC v. Deutsche Bank Nat'l Tr. Co.*, 2024 WL 923213 (N.D. Tex. Jan. 10, 2024) was concerned with the sufficiency of the *factual* record on summary judgment, not alleged waiver of legal arguments; *Vela v. City of Houston*, 276 F.3d 659 (5th Cir. 2001) was concerned with the ability of an appellate court to consider issues not raised below; *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154 (5th Cir. 1983)) similarly was concerned with a failure to raise factual issues on a summary judgment motion; and *Sanchez v. Nordstrom, Inc.*, 2020 WL 3078533 (S.D. Fla. June 10, 2020), an out of Circuit case, was concerned with a *pro se* litigant who refused to engage on the issue of arbitration.

[3] In *Baldwin,* at issue was *not* an online application, but rather a "traditional" trust agreement, executed in connection with the settlement of a business dispute. In contrast to the present case, the party challenging arbitration in *Baldwin* argued that the agreement was induced by fraud, and that arbitrating in Costa Rica would be unfair. *Baldwin*, 2021 WL 1377149, at *3. The case sheds no light on the necessity of jurisdictional discovery in the present factual circumstances.

Dated: September 18, 2025

Respectfully Submitted,

John A. Yanchunis*
Texas Bar No. 22121300
JYanchunis@forthepeople.com
Ronald Podolny*
ronald.podolny@forthepeople.com
Antonio Arzola, Jr.*
ararzola@forthepeople.com
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 North Franklin Street 7th Floor
Tampa, FL 33602
T: (813) 223-5505
F: (813) 223-5402

*/s/ Bruce W. Steckler*
Bruce W. Steckler
Texas Bar No. 00785039
Bruce@stecklerlaw.com
Austin P. Smith
Texas Bar No. 24102506
austin@stecklerlaw.com
Paul D. Stickney
Texas Bar No. 00789924
judgestickney@stecklerlaw.com
**STECKLER WAYNE & LOVE PLLC**
12720 Hillcrest Road, Suite 1045
Dallas, Texas 75230
T: 972-387-4040
F: 972-387-4041

Lynda J. Grant*
**THE GRANT LAW FIRM, PLLC**
521 Fifth Avenue, 17th Flr.
New York, NY 10175
Telephone: (212) 292-4441
Facsimile:  (212) 292-4442
lgrant@grantfirm.com

Gary S. Graifman*
**KANTROWITZ GOLDHAMER &**
**GRAIFMAN, P.C.**
135 Chestnut Ridge Rd., Suite 200
Montvale, NJ 07645
Telephone: (201) 391-7000
ggraifman@kgglaw.com

Sabita J. Soneji*
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: (510) 254-6808
ssoneji@tzlegal.com

Lesley E. Weaver*
lweaver@bfalaw.com
Anne K. Davis*
adavis@bfalaw.com
**BLEICHMAR FONTI & AULD LLP**
1330 Broadway, Suite 630
Oakland, California 94612
T: (415) 445-4003
F: (415) 445-4020

*Pro hac vice forthcoming*
**Counsel for Plaintiff and the Class**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that all counsel of record are being served with a copy of this document on this the 18th day of September, 2025, through the Court's e-filing system.

*/s/ Bruce W. Steckler*
Bruce W. Steckler
