# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| PHILIP SIEFKE, individually and on behalf of all others similarly situated, § § § § *Plaintiff*, § § v. § § TOYOTA MOTOR NORTH § AMERICA, INC. PROGRESSIVE § CASUALTY INSURANCE COMPANY, § and CONNECTED ANALYTICS § SERVICES, § § *Defendants*. § | Civil Action No. 4:25-cv-406 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Limited Jurisdictional Discovery and Memorandum of Law in Support (the "Motion for Discovery") (Dkt. #38). Having considered the Motion for Discovery and all relevant pleadings, the Court finds that the Motion for Discovery should be **GRANTED in part**.

### BACKGROUND

This putative class action arises from the alleged unauthorized collection and dissemination of private information collected from vehicles owned or leased by Plaintiff Philip Siefke ("Plaintiff") and other class members ("Class Members") (collectively, "Plaintiffs") (Dkt. #1). On July 8, 2025, in lieu of filing an answer to Plaintiff's class action complaint (the "Complaint") (Dkt. #1), Defendant Toyota Motor North America, Inc.'s ("Toyota") filed its Motion to Compel Arbitration, arguing that each of Plaintiffs' claims are subject to a valid, enforceable arbitration agreement (Dkt. #31). That same day, Defendants Connected Analytical Services ("CAS") and

Progressive Casualty Insurance Company ("Progressive") each filed a Joinder to Toyota's Motion to Compel Arbitration (the "Motions for Joinder"), seeking the same relief but addressing their non-signatory status to the arbitration agreement at issue (Dkt. #32; Dkt. #33).[1] On August 11, 2025, Plaintiffs filed the instant Motion for Discovery seeking limited discovery related to the issue of contract formation discussed in Defendants' Motion to Compel Arbitration (Dkt. #38). On August 25, 2025, Defendants each filed their own Response to Plaintiffs' Motion for Discovery (Dkt. #41; Dkt. #42; Dkt. #43).

Within the Motion to Compel Arbitration, to argue the Court must enforce the arbitration agreement at issue, Toyota alleges facts not found in the Complaint (Dkt. #31). In support of the factual background it offers the Court, Toyota attaches to its Motion to Compel Arbitration the sworn declaration of Mike Edwards (the "Edwards Declaration"), Senior Manager for Privacy for Toyota (Dkt. #31-1 at pp. 2–9). The Edwards Declaration references Toyota's policies, practices, mobile application (the "Toyota App"), "Connected Services" and the "flow" to activate the Connected Services, "Terms of Use," and business records, including records found in Toyota's CTP Database (Dkt. #31-1 at ¶ 3).[2]

Importantly, within the Edwards Declaration, Toyota makes the following allegations without attaching any of the referenced records: (1) "Toyota's records show that Plaintiff downloaded the Toyota App and enrolled his 2021 Toyota RAV4 on the App" (Dkt. #31-1 at ¶ 6); (2) "Toyota's records show Plaintiff activated Connected Services via the Toyota App on March

---

[1] Toyota's Motion to Compel Arbitration and CAS and Progressive's Motions for Joinder will be collectively referred to as Defendants' Motion to Compel Arbitration.

[2] The Edwards Declaration does not explain to the Court what the CTP Database is or what records are found in this database that are pertinent to our determination of the Motion to Compel Arbitration.

21, 2021" (Dkt. #31-1 at ¶ 7); (3) "Toyota's records reflect that Plaintiff similarly activated Connected Services on March 9, 2024, again accepting the Terms of Use in effect at that time" (Dkt. #31-1 at ¶ 9); (4) "Toyota's records reflect that Plaintiff pressed 'Accept' when he went through the flow in March 2021 and March 2024," thereby enrolling in Connected Services (Dkt. #31-1 at ¶ 16); (5) "Toyota's records show that when Plaintiff went through the consent flow described above on March 21, 2021, Plaintiff enrolled in Service Connect. By contrast, Plaintiff originally declined to enroll in Toyota's Insure Connect service on March 21, 2021" (Dkt. #31-1 at ¶ 18); (6) "Toyota's records reflect that Plaintiff later accepted Insure Connect on March 7, 2023, agreeing to allow Toyota to share his driving data with CAS" (Dkt. #31-1 at ¶ 19); (7) "Toyota's records show that when Plaintiff went through the consent flow described above on March 9, 2024, he enrolled in Service Connect but declined enrollment in Insure Connect, at which time Toyota ceased sharing his driving data with CAS" (Dkt. #31-1 at ¶ 20); and (8) "Toyota's records reflect that on January 22, 2025, Plaintiff used the Toyota App to opt-out of receiving Connected Services" (Dkt. #31-1 at ¶ 21). Again, the Edwards Declaration is not accompanied by any of these records for the Court's consideration, and these records have presumably not been shared with Plaintiff. The only records attached to the Edwards Declaration are the various versions of the Terms of Use that were in effect between March 21, 2021, and March 9, 2024, to which Toyota alleges Plaintiff consented (Dkt. #31-1 at ¶¶ 22–30).

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") requires "an expeditious and summary hearing, with only restricted inquiry into factual issues." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 22 (1983). Therefore, "courts have generally denied arbitration-related discovery absent a

compelling showing that such discovery is required." *Hudson v. Windows USA, LLC*, No. 3:16CV596-DPJ-FKB, 2016 WL 8135875 (S.D. Miss. Nov. 3, 2016) (citing *Bell v. Koch Foods of Miss., LLC*, No. 3:08cv697-WHB-LRA, 2009 WL 1259054, at *3 (S.D. Miss. May 5, 2009)), *aff'd*, 358 Fed. Appx. 498 (5th Cir. 2009).

## ANALYSIS

Based on Defendants' Motion to Compel Arbitration, the Court cannot determine whether Plaintiff consented to the arbitration agreement in Toyota's Terms of Use, and thus whether a contract was formed between Plaintiff and Toyota. The party seeking to compel arbitration must prove the existence of an agreement to arbitrate by a preponderance of the evidence. *Grant v. Houser*, 469 F. App'x 310, 315 (5th Cir. 2012). Here, Toyota has referenced various records in its possession to establish the validity and enforceability of the arbitration agreement at issue (*See* Dkt. #31-1). Specifically, Toyota references its own records containing the following information:

1. Plaintiff downloaded the Toyota App and enrolled his 2021 Toyota RAV4 on the App (Dkt. #31-1 at ¶ 6);

2. Plaintiff activated Connected Services via the Toyota App on March 21, 2021 (Dkt. #31-1 at ¶ 7);

3. Plaintiff activated Connected Services on March 9, 2024, again accepting the Terms of Use in effect at that time (Dkt. #31-1 at ¶ 9);

4. Plaintiff activated Connected Services on March 21, 2021, Plaintiff enrolled in Service Connect, and Plaintiff originally declined to enroll in Toyota's Insure Connect service on March 21, 2021 (Dkt. #31-1 at ¶ 18);

5. Plaintiff later accepted Insure Connect on March 7, 2023, agreeing to allow Toyota to share his driving data with CAS (Dkt. #31-1 at ¶ 19);

6. Plaintiff activated Connected Services on March 9, 2024, he enrolled in Service Connect but declined enrollment in Insure Connect, at which time Toyota ceased sharing his driving data with CAS (Dkt. #31-1 at ¶ 20); and

7. On January 22, 2025, Plaintiff used the Toyota App to opt-out of receiving Connected Services (Dkt. #31-1 at ¶ 21).

Again, Toyota references certain records establishing Plaintiff's consent to the arbitration agreement but has failed to attach these records to its briefing for the Court's consideration, and these records have presumably not been shared with Plaintiff if he is contesting the contract's formation (*See* Dkt. #31). Additional discovery and briefing is needed for a thorough evidentiary record so the Court can determine whether to compel arbitration or not.

Accordingly, the Court orders the parties to conduct limited arbitration-related discovery on the issue of contract formation, with respect to the records referenced in the Edwards Declaration.[3] The parties have twenty-one (21) days from the date of this Order to complete such discovery. Then, the Court orders both parties to file supplemental briefs on the issue of contract formation within fourteen (14) days of the close of the discovery.[4]

---

[3] Plaintiff seeks discovery on various topics he alleges are relevant to contract formation (Dkt. #38 at pp. 14–15). At this point, the Court will only allow limited discovery on the records referenced in the Edwards Declaration unique to Plaintiff's download of the Toyota App, activation of Connected Services, and enrollment in Insure Connect and Service Connect, and any records pertinent to Plaintiff's receipt and acceptance of the arbitration provision found in the Terms of Use, as the Court outlined above.

[4] If after Toyota exchanges the relevant discovery with Plaintiff, and if Plaintiff accepts he consented to a binding arbitration provision in the Terms of Use and thus, concedes his claims are not properly before the Court, the parties shall advise the Court accordingly in lieu of filing supplemental briefing.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Limited Jurisdictional Discovery and Memorandum of Law in Support (Dkt. #38) is hereby **GRANTED in part**. The limited arbitration-related discovery on the issue of contract formation must be completed within twenty-one (21) days from the date of this Order.

It is further **ORDERED** that Toyota and Plaintiff file supplemental briefs on the issue of contract formation within fourteen (14) days of the close of the limited arbitration-related discovery.

**IT IS SO ORDERED.**

SIGNED this 10th day of October, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE