**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| **PHILIP SIEFKE,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>**TOYOTA MOTOR NORTH AMERICA, INC., PROGRESSIVE CASUALTY INSURANCE COMPANY, CONNECTED ANALYTIC SERVICES,**<br><br>Defendants. | Case No. 4:25-cv-00406 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SURREPLY**

The Court should deny Defendants' motion to strike portions of Plaintiff's Surreply:

1. Defendants continue their Sisyphean efforts to avoid the adjudication of the arbitration question on a full evidentiary record. The present Motion to Strike [Dkt. 47] is entirely superfluous, as it raises an issue already before the Court and resolved by the Court [Dkt. 52]: whether the Court should address Plaintiff's Motion for jurisdictional discovery before addressing Defendants' motion to compel arbitration.

2. Plaintiff's Surreply is proper and compliant with the Rules. It was necessitated by Defendants' own prejudicial conduct and their improper assertion that Plaintiff "waived" his arguments in opposition to arbitration.

3. Specifically, Defendants improperly asserted in their Reply that Plaintiff "waived" his arguments on the motion to compel arbitration by taking the position that the motion for jurisdictional discovery must be resolved before the motion to compel can be fully briefed. Out of

an abundance of caution, Plaintiff was then forced to brief such arguments in his Surreply. Having forced Plaintiff to address their arguments on an incomplete evidentiary basis, Defendants now decided to move to strike them as an improper surreply. This is gamesmanship, and Defendants' motion to strike should be denied.

**PROCEDURAL BACKGROUND**

4. On July 8, 2025, Defendant Toyota Motor North America, Inc. ("Toyota") brought a motion to compel arbitration and stay litigation ("Motion to Compel"). Dkt. 31. On the same day, the two other Defendants, Connected Analytic Services and Progressive Casualty Insurance Company each joined Toyota's motion to compel arbitration. Dkt. 32 and Dkt. 33, respectively.

5. In response to the Motion to Compel, Plaintiff filed a motion seeking *limited* jurisdictional discovery concerning the issue of contract formation, namely: whether Plaintiff in fact consented to the arbitration agreement ("Motion for Jurisdictional Discovery"). Dkt. 38. This was necessitated because Defendants appear to reference multiple agreements for different products at different times in their Motion without producing the actual agreement.

6. In his opposition to the Motion to Compel, Plaintiff respectfully requested that: "In the absence of a ruling on […] the Motion for Jurisdictional Discovery, the Court should not rule on Defendants' Motion to Compel. Similarly, Plaintiff ought not to be compelled to respond to Defendants' Motion to Compel until after such ruling. *Plaintiff's response to the Motion to Compel depends on whether jurisdictional discovery is allowed, and on its scope*." Dkt. 40, ¶5, emphasis added. Plaintiff asked the "Court [to] delay its ruling on the Motion to Compel until after it rules on the Motion for Jurisdictional Discovery." *Id.*, ¶6.

7. Rather than awaiting the Court's ruling on the Motion for Jurisdictional Discovery, Defendants, in their Reply, asserted that Plaintiff had "waived" all arguments in opposition to

arbitration. Dkt. 44 at 4. They argued that "if Plaintiff had good faith legal arguments to raise, he surely would have." *Id.* at 5. Finally, in their Reply, Defendants made a number of substantive legal arguments to the effect that "Plaintiff does not have any legal basis to oppose Toyota's Motion to Compel." *Id*.

8. In response, Plaintiff filed its Surreply, which among other issues, addressed Defendants' baseless arguments regarding alleged "waiver", and which Defendants now seek to strike. Dkt. 47.

9. The Court has subsequently agreed to allow Plaintiff limited jurisdictional discovery. Dkt 52.

**PLAINTIFF'S POSITION IS CONSISTENT AND PROPER**

10. Defendants' improper and repeated assertions that Plaintiff "waived" his arguments in opposition to the Motion to Compel forced Plaintiff to respond, in its Surreply. Defendants now engage in "gotcha" litigation by arguing that Plaintiff's response must be struck as an improper Surreply. Defendants seek to strike Parts II and III of the Surreply. Both parts are proper:

a. In Part II of his Surreply, Plaintiff reiterated that Defendants' disclosures, to date, are incomplete, and therefore "Plaintiff requested limited discovery to assert his defenses to contract formation and provide the Court with an evidentiary record to properly and fully adjudicate this issue." Dkt 47 at 2.

b. In Part III of his Surreply, Plaintiff explained why Defendants' cases are inapposite. *Id*. Plaintiff also responded to Toyota's argument that he "waived" the issues of unconscionability and consideration by pointing out that these matters were raised in his Motion for Jurisdictional Discovery. *Id.* at 4.

11. Plaintiff remains of the view that the Motion to Compel must be adjudicated on a complete evidentiary record, and for that reason, limited jurisdictional discovery is appropriate, as demonstrated by the Court's ruling. Dkt 52.

12. Plaintiff's Surreply merely preserves his arguments and responds to Toyota's tactical position that he somehow waived "any substantive arguments" on the Motion to Compel. Dkt. 44 at 4, 5.

13. Moving to strike portions of Plaintiff's Surreply is inefficient and unnecessary motion practice, which is clearly designed to prevent the Court from receiving a more fulsome and accurate interpretation of the case law they cite.

Dated: October 21, 2025

Respectfully Submitted,

*/s/ Bruce W. Steckler*
Bruce W. Steckler
Texas Bar No. 00785039
Bruce@stecklerlaw.com
Austin P. Smith
Texas Bar No. 24102506
austin@stecklerlaw.com
Paul D. Stickney
Texas Bar No. 00789924
judgestickney@stecklerlaw.com
**STECKLER WAYNE & LOVE PLLC**
12720 Hillcrest Road, Suite 1045
Dallas, Texas 75230
T: 972-387-4040
F: 972-387-4041

John A. Yanchunis
Texas Bar No. 22121300
JYanchunis@forthepeople.com
Ronald Podolny
ronald.podolny@forthepeople.com
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 North Franklin Street 7th Floor
Tampa, FL 33602
T: (813) 223-5505
F: (813) 223-5402

Gary S. Graifman*
**KANTROWITZ GOLDHAMER & GRAIFMAN, P.C.**
135 Chestnut Ridge Rd., Suite 200
Montvale, NJ 07645
Telephone: (201) 391-7000
ggraifman@kgglaw.com

Lynda J. Grant*
**THE GRANT LAW FIRM, PLLC**
521 Fifth Avenue, 17th Flr.
New York, NY 10175
Telephone: (212) 292-4441
Facsimile: (212) 292-4442
lgrant@grantfirm.com

Sabita J. Soneji*
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612

Telephone: (510) 254-6808
ssoneji@tzlegal.com

Lesley E. Weaver*
lweaver@bfalaw.com
Anne K. Davis*
adavis@bfalaw.com
**BLEICHMAR FONTI & AULD LLP**
1330 Broadway, Suite 630
Oakland, California 94612
T: (415) 445-4003
F: (415) 445-4020

**Pro hac vice forthcoming*
***Counsel for Plaintiff and the Class***

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record are being served with a copy of this document on this the 21st day of October, 2025 through the Court's e-filing system.

*/s/ Ronald Podolny*
Ronald Podolny